FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL 27 PM 2: 25
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THERESA WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-079 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Theresa Walton ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff applied for DIB and SSI on November 23, 2004, alleging a disability onset date of August 2, 2001. Tr. ("R."), pp. 92-95, 266-74. The Social Security Administration denied Plaintiff's applications initially, R. 40-43, and on reconsideration, R. 46-49. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a

hearing on April 15, 2008. R. 275-94. Plaintiff, who was represented by counsel, testified on her own behalf at the hearing; the ALJ also heard testimony from a Vocational Expert ("VE"). Id. On May 30, 2008, the ALJ issued an unfavorable decision. R. 25-34. Plaintiff sought review by the Appeals Council ("AC"), which vacated the ALJ's decision and remanded the matter with instructions for additional measures to be undertaken in reaching a new decision.

A different ALJ handled the matter following the AC's remand. The new ALJ held a hearing on September 18, 2009, at which Plaintiff was again represented by counsel. R. 295. Plaintiff testified at the September 18th hearing, and the ALJ also heard testimony from a different VE than had testified at the initial hearing. R. 295-329. On October 22, 2009, the ALJ issued an unfavorable decision. R. 13-24. Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful employment since the alleged onset of disability (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant has the following severe impairments: status post right carpal tunnel syndrome, degenerative disc disease of the lumbar spine, and degenerative joint disease of the knees and hips (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform a range of light work.[1] Specifically, the claimant retains the ability to

---

[1]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of

lift and carry up to 50 pounds occasionally, 20 pounds frequently, and 10 pounds continuously; to sit for up to four hours at one time and five hours in a workday; to stand for up 30 minutes at one time and two hours in a workday; and to walk for up to 10 minutes at one time and one hour in a workday. The claimant is further limited to occasional overhead reaching with the right hand, frequent overhead reaching with the left hand, and frequent reaching in all other directions with both upper extremities, as well as frequent handling, fingering, feeling, pushing, or pulling. The claimant is able to climb stairs, ramps, ladders, or scaffolds frequently, and can frequently balance, stoop, kneel, crouch, and crawl. The claimant can work continuously at unprotected heights, around moving mechanical parts, and operating a motor vehicle; she can also work continuously around humidity or wetness, around respiratory irritants, at extreme temperatures, and around vibrations. In light of her RFC, the claimant is not capable of performing her past relevant work as a sewing machine operator.

5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, including "Cashier II," ticket seller, and surveillance systems monitor (20 C.F.R. §§ 404.1569 & 416.969). Thus, the claimant has not been under a disability, as defined in the Social Security Act, from August 2, 2001, through the date of the ALJ's decision.

R. 18-24.

When the AC denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia

---

objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ's RFC analysis was based on an erroneous evaluation of the medical evidence, which led to an improper step-five determination that Plaintiff is capable of performing other jobs in the national economy. (See doc. no. 17 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the ALJ's RFC analysis is supported by substantial evidence and that the decision to deny benefits should be affirmed. (See doc. no. 20 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such

4

relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. New Evidence

There is a threshold issue in this case as to whether the Court may consider new evidence not included in the administrative record that Plaintiff has attached as exhibits to her brief. The evidence consists of MRI reports from Willis Memorial Hospital and treatment notes from John B. Bieltz, D.O., an orthopedic surgeon who treated Plaintiff from 2004 to 2006. See Pl's Br., Exs. A, B. Plaintiff discusses this evidence in conjunction with

her claim that the ALJ's decision is not supported by substantial evidence, and she states in a pair of footnotes that "[t]hese records were specifically noted in the remand order to the ALJ however were not contained in the record and are being submitted as attached exhibits." Pl's Br., pp. 7 n.2, 11 n.3. The Commissioner maintains that the new evidence cannot be considered by the Court and that it does not warrant remand for further consideration at the administrative level. Comm'r's Br., pp. 17-18. The Commissioner has the better argument.

Plaintiff's statement regarding the AC's instruction in its Remand Order does not justify consideration of the new evidence. In its February 27, 2009 Order remanding the case to the ALJ, the AC instructed that the ALJ should, *inter alia*, "obtain additional evidence concerning the claimant's impairments.... The additional evidence should include updated records from all treatment sources, including the records of Drs. Hilliard, Bieltz, and Willis Memorial Hospital...."[2] R. 76. Consistent with this mandate, the ALJ sent a letter to Plaintiff's attorney dated April 29, 2009, specifically instructing him to submit updated records from these treatment sources. R. 78. Moreover, on August 13, 2009, roughly a month in advance of the hearing on remand, the ALJ issued a notice to Plaintiff and her attorney informing them that additional evidence could be submitted before or at the hearing. R. 82. Plaintiff's counsel submitted several updated records, and explicitly stated at the hearing that there was no outstanding medical evidence. R. 239-65, 297-98. Similarly, at the conclusion of the hearing, the ALJ asked if it was appropriate for the administrative

---

[2]Notably, while the AC mentioned these treatment records in its Remand Order based on Plaintiff stating that she had received such treatment, see R. 75-76, 171, Plaintiff does not allege that she actually submitted the treatment records to the AC. Moreover, there is no indication in the record – including the AC's Remand Order and the exhibits referenced therein – that Plaintiff submitted these records to the AC. See R. 75-76.

6

record to be closed, and Plaintiff's counsel responded in the affirmative. R. 329.

Furthermore, the only issue Plaintiff has raised in this case is whether, considering her various contentions, the ALJ's decision is supported by substantial evidence. See Pl.'s Br., p. 1 (enumerating single issue). More to the point, Plaintiff does *not* contend that the new evidence she has attached to her brief warrants remand pursuant to sentence six of § 405(g). Therefore, it is apparent that Plaintiff seeks to rely upon the new evidence in support of her argument that the ALJ's decision is not supported by substantial evidence. However, consideration of such evidence for this purpose is plainly foreclosed under clearly established law. That is, a reviewing court, when presented with new evidence that was never presented for review at the administrative level, may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified record)); Walters v. Barnhart, 184 F. Supp.2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the [AC] in support of her disability claim. These records are not part of the administrative record for review by this court . . . . Consequently, this court has no

7

jurisdiction to evaluate this new evidence in the first instance.").³

In light of these circumstances, it is apparent that Plaintiff was given an opportunity to present additional evidence to the ALJ following the AC's Remand Order; indeed, she was explicitly invited to submit the evidence that she now seeks to improperly rely upon in this case. R. 78. More importantly, Plaintiff has offered nothing to suggest that the non-record evidence submitted with her brief is reviewable at this stage, and relevant law makes clear that the Court is without authority to review such evidence in determining whether the Commissioner's decision is supported by substantial evidence. See Ingram, 496 F.3d at 1267. Accordingly, the Court will exclude such evidence from consideration.

**B.     The ALJ's RFC Assessment Is Supported By Substantial Evidence**

As noted above, Plaintiff argues that the ALJ erred in assessing her RFC, which led to an erroneous determination that she was capable of performing other jobs in the national economy. See Pl.'s Br., pp. 9-10. The crux of Plaintiff's argument is that the ALJ's RFC assessment is flawed because of the ALJ's failure to properly evaluate the medical evidence. See Pl.'s Br., pp. 15-20.

---

³If Plaintiff were seeking remand pursuant to sentence six of § 405(g), she would have to show "good cause" for failing to produce the new evidence at the administrative level. See Ingram, 496 F.3d at 1267 (noting that a sentence six remand is only proper "when new material evidence that was not incorporated into the administrative record for good cause" and "not presented to the Commissioner at any stage of the administrative process" is submitted to the district court). Here, Plaintiff fails to provide any reason, much less "good cause," for her failure to produce the treatment records in question at the administrative level; additionally, any such argument would be severely undermined by the fact that the treatment records are all from 2006 – approximately three years prior to the administrative hearing following the AC's remand. See Pl.'s Br., Exs. A, B; cf. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218-1219 (11th Cir. 2001) (finding good cause because evidence was not discovered until after the ALJ's decision).

In particular, Plaintiff asserts that the ALJ mischaracterized the opinion evidence of Kush Kumar, M.D., who performed a consultive evaluation at the behest of the ALJ in June of 2009. Id. at 19; R. 224-31. Plaintiff argues that the ALJ erred by relying upon the assessment in Dr. Kumar's RFC report while "dismissing" his concurrent finding, submitted in a separate narrative report, that Plaintiff "can sit, stand, lift, carry, and handle object[s] etc. within the limits of her pain and tolerance." Pl.'s Br., p. 19; R. 231. According to Plaintiff, this statement from the narrative report "eroded" and/or "limited" the findings in Dr. Kumar's RFC report as to Plaintiff's capacity to perform the tasks addressed therein. Pl.'s Br., p. 19.

Plaintiff further argues that Dr. Kumar's opinion regarding the limiting effects of Plaintiff's pain, as expressed in the above-quoted statement, is consistent with the opinion of one of Plaintiff's treating physicians, James E. Peterzell, D.O., who began treating Plaintiff in 2009 and who provided a more restricted RFC assessment based in part on Plaintiff's pain. Id. at 15-17; R. 260-65. Plaintiff asserts that the ALJ rejected this opinion evidence submitted by Dr. Kumar and Dr. Peterzell, thereby improperly substituting his own judgment for that of the physicians. Id. at 20. Plaintiff also asserts that the ALJ improperly "dismissed" the opinions of two of Plaintiff's treating physicians, Alphonso Hilliard, M.D., and Edward Crosland, M.D.,[4] because of a statement in a settlement document in Plaintiff's previous worker's compensation case indicating that these physicians had cleared Plaintiff to perform light duty work. See id. at 18-19; R. 99. Plaintiff emphasizes that both Dr.

---

[4]Dr. Hilliard treated Plaintiff from 2001 to 2005; Dr. Crosland, an orthopedist, treated Plaintiff from 2002-2004. See Pl.'s Br., pp. 4-6.

9

Hilliard and Dr. Crosland explicitly documented Plaintiff's pain in their treatment notes.[5] Pl.'s Br., pp. 15-16.

The Commissioner disputes each of these contentions, maintaining that the ALJ's RFC analysis properly accounted for the medical evidence and is supported by substantial evidence. Again, the Commissioner has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

---

[5]In particular, Dr. Hilliard stated in a note dated August 24, 2001, that Plaintiff was "totally unable to work due to extreme pain of arms, hands, and legs." R. 222.

Additionally, under 20 C.F.R. § 404.1519a, the Social Security Administration may purchase a consultative examination and use the resultant report to try to resolve conflicts or ambiguities in the record. Although ALJs are not bound by the findings of consultative examiners, these opinions must be considered when determining whether a claimant is "disabled" under the Social Security Act. 20 C.F.R. § 404.1527 (d). However, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford, 363 F.3d at 1160-61.

Here, the ALJ properly discredited the opinion of Dr. Peterzell. After identifying Dr. Peterzell as a treating physician and correctly noting that, as such, his opinion is generally due "significant deference," the ALJ provided specific and adequate reasons for according his opinion as to Plaintiff's RFC little weight. R. 22. In particular, the ALJ found that Dr. Peterzell's opinion was "not supported by objective medical evidence, which shows mild, not 'severe'[6] degenerative changes to [Plaintiff's] back, knees, and hips." Id. Additionally, the ALJ reasoned that Dr. Peterzell's opinion included several limitations that were without any discernable basis, including his opinion that she must avoid respiratory irritants,[7] elevate her legs 20 minutes out of every hour, and lie down hourly. Id. Because a treating

---

[6]In his assessment, Dr. Peterzell pointed to Plaintiff's "severe" inflammation and degenerative disc disease as medical findings that supported his opinion as to Plaintiff's RFC. R. 262. As the Commissioner correctly observes, the discrepancy identified by the ALJ between Dr. Peterzell's opinion and the objective medical evidence as to the severity of Plaintiff's condition effectively undermines the basis for Dr. Peterzell's RFC opinion. See Comm'r's Br., p. 14.

[7]The respiratory limitation is especially inapposite, as there is no indication in the record that Plaintiff suffers from any respiratory impairment; nor has she alleged any such impairment.

11

physician's opinion may be properly discounted if it is unsupported by objective medical evidence, see Lewis, 125 F.3d at 1440, the Commissioner has shown good cause for the ALJ's decision not to give substantial weight to the opinion of Dr. Peterzell.

Furthermore, having properly accorded "little weight" to the opinion of Dr. Peterzell, the ALJ did not err in his interpretation of or reliance upon Dr. Kumar's RFC report. As the Commissioner persuasively argues, despite the fact that Dr. Kumar only examined Plaintiff on a single occasion, his physical examination was extensive and he provided thorough reports of his findings, including a detailed narrative report, R. 224-31, as well as an RFC report, R. 232-38. See also Pl.'s Br., p. 17 ("[Dr. Kumar] conducted an extensive evaluation of [Plaintiff] including records review, taking history, performing numerous range of motion tests, and reviewing several x-rays."). Furthermore, Plaintiff has not identified any portions of Dr. Kumar's reports that are inconsistent with the medical evidence as a whole. See id.

Notably, Plaintiff does not take issue with the weight that the ALJ accorded Dr. Kumar's opinion. Rather, she challenges the ALJ's interpretation of his reports, arguing that the ALJ relied upon Dr. Kumar's RFC report while "effectively ignoring" his narrative report, in which he stated that Plaintiff "can sit, stand, lift, carry, and handle object[s] etc. within the limits of her pain and tolerance." Pl.'s Br., p. 19; R. 231. The crux of Plaintiff's argument is that the ALJ improperly relied upon Dr. Kumar's RFC findings as set forth in his RFC report, without determining – based on the accompanying narrative report – that Plaintiff's RFC was further limited by her pain. See R. 19.

Plaintiff's contention regarding the ALJ's interpretation of Dr. Kumar's reports is without merit. First, this is not a case in which the ALJ focused on one aspect of the

evidence and disregarded other contrary evidence. See McCruter, 791 F.2d at 1548. To the contrary, in his decision, the ALJ quoted the portion of the narrative report that Plaintiff alleges he ignored.[8] R. 21. Second, Plaintiff has offered nothing to show that it was improper or illogical for the ALJ to conclude that Dr. Kumar's RFC findings accounted for the limiting effects of Plaintiff's pain. The fact that Dr. Kumar mentioned Plaintiff's pain in the narrative report does not mean, as Plaintiff argues, that Dr. Kumar failed to take her pain into account in his concurrently issued RFC report. In this regard, the ALJ's reading of Dr. Kumar's RFC findings – that such findings account for all of Plaintiff's limitations, including her pain – is a reasonable interpretation that is supported by substantial evidence. Indeed, the ALJ's interpretation makes more sense than the one Plaintiff seeks to impose: that Dr. Kumar excluded consideration of Plaintiff's pain in his RFC report, intending that the findings in that report be limited based on his statement about Plaintiff's pain in a different report.

In any event, the interpretation of evidence such as Dr. Kumar's reports is the responsibility of the ALJ, and the Court must refrain from substituting its judgment for the Commissioner's on such matters. See Cornelius, 936 F.2d at 1145 (noting that reviewing courts do not "reweigh the evidence or substitute [their] judgment for that of the

---

[8]The Court is mindful that the ALJ characterized the statement from Dr. Kumar's narrative report as "rather unsatisfactory." R. 21. However, this characterization does not mean that he improperly "disregarded" or "ignored" the statement or the narrative report. Rather, in the context of the decision, it is apparent that the ALJ simply found Dr. Kumar's statement that Plaintiff is capable of performing various activities "within the limits of her pain and tolerance" to be unhelpful without further clarification, presumably because, standing alone, this statement provides no details as to Plaintiff's ability to perform relevant tasks.

[Commisisoner]"); see also Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981) ("[T]he drawing of permissible inference from evidentiary facts [is] the prime responsibility of the [Commissioner].") Accordingly, Plaintiff's challenge premised on the ALJ's evaluation of Dr. Kumar's opinion is without merit.

Plaintiff also misses the mark with her assertion that the ALJ erred by rejecting the ostensibly consistent opinions of Dr. Kumar and Dr. Peterzell, as well as her related argument that "the ALJ abused his discretion when he disregarded [their] findings in favor of his own conclusions." Pl.'s Br., pp. 19-20. Contrary to this contention, the ALJ did not "disregard" Dr. Kumar's findings; rather, as explained above, he made a permissible interpretation of such findings and incorporated them into his own RFC assessment. R. 20-22. Furthermore, Dr. Kumar's opinion is plainly at odds with that of Dr. Peterzell, who, as the Commissioner points out, opined that Plaintiff could lift only 10 pounds, could sit for a total of two hours during a workday, needed to elevate her leg for 20 minutes per hour, had to lie down hourly, had to avoid all exposure to extreme cold due to a respiratory impairment, and would miss work more than three times per month. R. 260-65. Moreover, as explained above, the ALJ provided adequate reasoning in support of his decision to accord Dr. Peterzell's opinion little weight.

Finally, the Court rejects Plaintiff's assertion that the ALJ "dismissed" the opinions of Dr. Hilliard and Dr. Crosland because of a statement in a settlement document in Plaintiff's previous worker's compensation case indicating that these physicians had cleared Plaintiff to perform light duty work. See Pl.'s Br., pp. 18-19; R. 99. Plaintiff states that the ALJ "dismissed" these physicians' opinions at the administrative hearing; however, she

provides no citation to the record in support of this assertion. Pl.'s Br., p. 19. While the ALJ mentioned that Plaintiff's "treating physicians released her to light duty at the time of the settlement of [her worker's compensation] litigation in 2005," R. 22, he did not use this as a basis for disregarding the opinions of Dr. Hilliard and Dr. Crosland. To the contrary, the ALJ discussed both of these physicians' medical records in his decision. He noted Dr. Crosland's opinion as to Plaintiff's RFC, which he found to be consistent with the finding that Plaintiff could perform jobs "in the sedentary-to-light range of exertional ability." R. 19. He also quoted Dr. Hilliard's notation that Plaintiff "is totally unable to work due to extreme pain of arms, hands, & legs."[9] Id. (quoting R. 222). Indeed, the ALJ explicitly compared these two physicians' findings, noting that Dr. Crosland's RFC findings were inconsistent with Dr. Hilliard's opinion that Plaintiff was unable to work due to pain. Id. Moreover, aside from her incorrect assertion that the ALJ "dismissed" these physicians' opinions, Plaintiff does not specify any deficiency in the ALJ's discussion of their opinions.

In sum, Plaintiff's assertions fail to establish that the ALJ erred in his assessment of Plaintiff's RFC, which he based on a proper evaluation of the medical evidence presented,

---

[9]To the extent that Plaintiff argues that the ALJ erred by not agreeing with Dr. Hilliard's opinion that Plaintiff was "totally unable to work," the Court finds such contention without merit. First, as noted above, the ALJ discounted Dr. Hilliard's opinion because it was contradicted by the RFC findings of Dr. Crosland. R. 19. Moreover, as the Commissioner argues, the ALJ properly afforded Dr. Hilliard's opinion little weight, as it was conclusory in nature and unsupported by record medical evidence. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (noting that a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records). Furthermore, to the extent that Dr. Hilliard's note offered an opinion as to the legal issue of whether Plaintiff was disabled, it was not entitled to significant consideration, as that issue is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1).

including the opinions of Plaintiff's treating physicians and the reports submitted by Dr. Kumar. Accordingly, the Court finds that the ALJ's RFC assessment is supported by substantial evidence. Because Plaintiff's argument that the ALJ erred in determining that she was capable of performing other jobs in the national economy is based entirely on her now-discredited RFC claim, it must also fail.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 27th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE